## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEPAUL CARROLL | : | |
| Petitioner | : | |
| v | : | Civil Action No. RWT-05-1317 |
| MARYLAND PAROLE COMMISSION | : | |
| Respondent | : | |

. . .o0o. . .

### MEMORANDUM OPINION

This Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 seeks to set aside or revise the decision by the Maryland Parole Commission revoking Petitioner's parole. Petitioner alleges that he did not receive a preliminary hearing prior to the revocation of his parole and his attorney was ineffective because he failed to file an appeal. For the reasons that follow, the Petition must be dismissed without prejudice.

Each claim involves questions of State law and is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Petitioner must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this includes presenting both the operative facts and controlling legal principles. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 531 U.S. 1193 (2001). Proper exhaustion also requires that Petitioner file an application for leave to appeal with the Court of Special Appeals in the event that the decision is not favorable to him. To the extent that a direct appeal is no longer available to Petitioner due to attorney error, Petitioner may avail himself of the state habeas corpus procedure in the appropriate circuit court. *See* Md. Cts & Jud. Proc. Code Ann. § 3-702.

Petitioner has failed to exhaust remedies available to him through the state courts. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). A separate order will be entered dismissing this case without prejudice.

June 20, 2005                                             /s/
                                                    Roger W. Titus
                                            United States District Judge